United States District Court
Southern District of Texas
**ENTERED**
February 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES ADDISON MILLS, SPN # 00569051 | § § § | |
| Petitioner, | § § | |
| v. | § | CIVIL ACTION NO. H-23-4551 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § § | |

**MEMORANDUM ON DISMISSAL**

James Addison Mills, representing himself, filed a hand-written petition for a writ of habeas corpus under 28 U.S.C. § 2254. On December 6, 2023, the Clerk's Office entered a notice of deficient pleading instructing Mills to pay the filing fee or file an application for leave to proceed without prepayment of fees, accompanied by a certified statement of his inmate trust account, within 30 days. (Docket Entry No. 3). Mills was also instructed to file his claims on a court approved form. (*Id.*). The deadline for compliance has expired and Mills has not complied with the Clerk's directive. Mills submitted his claims on a court approved form, (*see* Docket Entry No. 4), but he has not paid the filing fee or filed an application for leave to proceed without prepayment of fees accompanied by a certified statement of his inmate trust account.

A district court may dismiss a lawsuit for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b). "This authority is based on the courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Lewis v. Sheriff's Dept. Bossier Parish*, 478 F. App'x 809, 815 (5th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *see also Gates v. Strain*, 885 F.3d 874 (5th Cir. 2018) (explaining that a district court may dismiss an action for failure to prosecute);

*Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action for failure to comply with court orders).

Mills's failure to comply with the notice of deficient pleading forces the court to conclude that he lacks diligence in prosecuting this action. Under the court's general power to manage its docket, this case is dismissed without prejudice for want of prosecution. Mills is advised that he may obtain relief from this order if he makes a proper showing under Rule 60(b) of the Federal Rules of Civil Procedure. At a minimum, a proper showing under Rule 60(b) includes payment of the filing fee or submission of an application for leave to proceed without prepayment of fees accompanied by a certified statement of his inmate trust account.

This case is dismissed without prejudice. Any pending motions are denied as moot, and a certificate of appealability is denied.

SIGNED on February 6, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge